SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICOLE M. BOCKELMAN, OSB #105934**
Assistant United States Attorney
Nicole.Bockelman@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-CR-00149-SI** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **MICHAEL JAMES DUNCAN,** | |
| **Defendant.** | |

**INTRODUCTION**

Law enforcement executed a search warrant at defendant's residence and found two shotguns and a revolver. In defendant's bedroom, police found ammunition consistent with ammunition found in the revolver. When officers asked defendant about his possession of the firearms, he initially lied, and said he had no firearms in the house. Eventually, defendant admitted to possession of a shotgun and described the model and location of the shotgun.

**Government's Sentencing Memorandum**                                                      **Page 1**

The facts of the instant offense coupled with defendant's criminal history support the government recommendation of 24 months prison with three years' supervised release. A sentence of 24 months prison with three years' supervised release is sufficient, but not greater than necessary, to meet the purposes of sentencing; this Court should impose 24 months prison with three years' supervised release.

## I.    FACTUAL BACKGROUND

### A.    The Offense Conduct

On February 7, 2025, officers with the Portland Police Bureau executed a search warrant at defendant's house located on 113th Avenue in Portland, Oregon. When executing the search warrant, officers ordered the occupants of the house outside. Defendant was the first occupant to exit, followed by his wife, and defendant's two teenagers.

Officers searched defendant's home and found a Mossberg 500 12-gauge shotgun under the bed of defendant's son's room.



Officers continued their search and found a Savage 410 shotgun in an upstairs bedroom. When officers searched the bedroom belonging to defendant, they found multiple documents in

defendant's name as well as a box of .38 special revolver ammunition and multiple loose rounds of ammunition in defendant's dresser drawer.

In the garage, investigators found a Smith & Wesson model 6372 revolver, .38 Special. The revolver was confirmed stolen by law enforcement and was loaded with .38 Special bullets, some of which matched the brand of .38 Special ammunition found in defendant's bedroom.



Police advised defendant of his *Miranda* rights, and defendant agreed to speak with investigators.  Initially, when officers asked defendant if he owned a firearm, defendant replied, "no".  Defendant confirmed that he is a convicted felon and that he knew he was prohibited from possessing a firearm due to his prior felony convictions.  Officers asked defendant if there were any firearms in the house, and defendant replied, "no, there shouldn't be".  Officers continued asking defendant questions and defendant told them, "you might find a shotgun in the basement".

Defendant told police that the shotgun was a "12 gauge" and that the shotgun was not loaded.  Defendant's description of the shotgun was consistent with the Mossberg 500 12-gauge shotgun found in the basement.  Officers asked defendant if the shotgun defendant mentioned

was the only firearm in the house and defendant said that the shotgun was the only firearm in the house.  Officers asked defendant how long defendant possessed the shotgun and defendant said he had the shotgun for "about a year" but told investigators that he never shot the firearm.  When asked if he possessed the shotgun for protection, defendant answered, "yeah, I guess".

The facts that gave rise to the search warrant that was executed at defendant's house are that on October 27, 2024, a suspect fired five shots into a mobile home at the Stark First Mobile Home Park.  At the time of the shooting, the home was occupied by three adults, two juveniles and a baby. Prior to the shooting, the victims reported that three juvenile girls came to their trailer and had an argument with an occupant, V1.  The victims identified one of the juvenile females as LD, which investigators determined was AS, defendant's daughter.  After the argument with defendant's daughter, V1 walked out of his trailer and saw a man (consistent with defendant's description) sitting in a Jeep and saw the man with the three juvenile females drive away.  Approximately 5 minutes later, five gunshots were heard by V1, who saw that his home had been struck multiple times.  There was insufficient evidence to charge defendant with any crimes associated with this shooting.

## II.      The Charge

On April 29, 2026, defendant pleaded guilty to Count 1 of a two-count indictment.  Count 1 charged that on or about February 7, 2025, in the District of Oregon, defendant, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, specifically: Accessory After the Fact to Arson, in violation of Title 18, United States Code Section 3, and Felon in Possession of a Firearm, in violation of Title 18, United States Code Section 922(g)(1) in the United States District Court, District of Oregon on or about August 31, 2015; did knowingly and unlawfully possess the following firearms: (1) a Mossberg 500 12-

**Government's Sentencing Memorandum**                                                    **Page 4**

gauge shotgun, serial #J71760; (2) a Savage Model 42 410 shotgun, serial #3695055; (3) a Smith & Wesson .38 Special Revolver, serial #CXB5824; which firearms had previously ben shipped or transported in interstate or foreign commerce; in violation of 18 U.S.C. § 922(g)(1). PSR at ¶1.

### III.    Criminal History

| Crime | Conviction Date | Jurisdiction | Sentence |
|---|---|---|---|
| Possession of Methamphetamine (felony); Unlawful Possession of a Firearm (misdemeanor) (Age 23) | 01/04/2007 | Multnomah County Circuit Court, Oregon | 12 months probation |
| Driving Under the Influence (misdemeanor) (Age 23) | 09/28/2007 | Yamhill County Circuit Court, Oregon | 4 days jail; 24 months probation |
| Possession of Methamphetamine (felony) (Age 25) | 05/13/2009 | Clackamas County Circuit Court, Oregon | 18 months probation |
| Driving while Suspended III (misdemeanor) (Age 26) | 10/14/2010 | Clark County District Court, Washington | 1 day jail; 2 years court probation |
| Driving while Suspended III (misdemeanor) (Age 26) | 05/23/2011 | Clark County District Court, Washington | 2 days jail; 2 years court probation |
| Possession of less than 40 grams of Marijuana (misdemeanor) (Age 27) | 03/01/2011 | Clark County District Court, Washington | 1 day jail; 2 years court probation |
| Possession of less than 40 grams of Marijuana (misdemeanor) (Age 27) | 05/23/2011 | Clark County District Court, Washington | 5 days jail |
| Accessory after the fact to Arson (felony) (Age 30) | 08/31/2015 | U.S. District Court, Portland, Oregon | 60 months prison; 3 years of supervised release |
| Felon in Possession of a Firearm (felony) (Age 30) | 08/31/2015 | U.S. District Court, Portland, Oregon | 60 months prison; 3 years of supervised release |

### IV.    Guidelines Calculations

The Pre-Sentence Report (PSR) determined defendant's base level to be 14 under USSG § 2K2.1(a)(6)(A) and his total offense level to be 15 after all adjustments.  PSR at ¶24-33.  The government made the following calculations in determining the defendant's total offense level:

| Enhancement | Government's Position |
|---|---|
| Base Offense Level— USSG § 2K2.1(a)(6) | 14 |
| Enhancement due to number of firearms involved in the offense USSG § 2K2.1(b)(1) | +2 |
| Enhancement due to possession of a stolen firearm USSG § 2K2.1(b)(4) | +2 |
| Acceptance of Responsibility— USSG § 3E1.1 | -3 |
| **Total Offense Level** | 15 |
| **Resulting Guideline Range** | 21-27 months |

The total criminal history score for the above convictions is three; the resulting criminal history category is II. USSG §5A; PSR at ¶ 47.

### Government's Recommended Sentence

The government recommends a sentence of 24 months prison with three years of supervised release.  This is a sentence that is sufficient but not greater than necessary to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation. *Dean v. United States,* 137 S. Ct. 1170, 1175 (2017); 18 U.S.C. §3553(a).

The nature and circumstances of the underlying offense demonstrate to the court that defendant should receive 24 months of prison and 3 years of supervised release conditions.

Under USSG § 1B1.4, in determining the sentence to impose, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by the law. 18 U.S.C. § 3661.

Here, defendant's initial response to law enforcement when asked if he possessed any firearms was to lie to police. When asked by police if he owned a gun, defendant responded, "no" and when asked if there were any firearms in his home, defendant responded, "there shouldn't be". After further questioning, defendant eventually admitted that there was a shotgun in the basement and accurately described it as a 12-gauge and correctly said that it was not loaded.

Unfortunately, this is not the first time that defendant has possessed a shotgun while attempting to evade law enforcement despite his firearm prohibition. In defendant's prior federal conviction of Felon in Possession of a Firearm in 2015, defendant possessed a 16-gauge shotgun with a sawed-off stock and barrel with no serial number and attempted to hide the firearm in a stranger's garage. Defendant now comes before the court in the instant case with similar behavior in possessing shotguns and attempting to avoid law enforcement with his lies. A prison term of 24 months with three years of supervised release will appropriately reflect the nature and seriousness of this offense while promoting respect for the law.

Twenty-four months of prison custody and a three-year term of supervised release will provide sufficient deterrence because this prison term will provide adequate future deterrence of firearm possession while ensuring protection of the public during defendant's incarceration. Upon release from custody, defendant will be required to report to the U.S. Probation office and will be required to comply with the terms of his supervised release. Defendant's conduct demonstrates a need for stringent surveillance and oversight that can be provided while he is in

**Government's Sentencing Memorandum**                                    **Page 7**

custody and while on supervised release.  Defendant's conduct demonstrates a disregard for the danger connected with firearm possession.  The recommended 24-month prison term and three years' supervised release should be imposed.

## V.    **Forfeiture**

As part of his plea agreement, defendant agreed to forfeit all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) including the Mossberg 500 12-gauge shotgun, serial #J717601, the Savage 410 shotgun, serial # 3695055, and the Smith & Wesson model 6372 revolver, .38 Special, serial #CXB5824 and all ammunition as set forth in Count One of the Indictment.

## **CONCLUSION**

Based on the foregoing, the government recommends that this Court impose a sentence of 24 months prison and three years' supervised release, subject to the standard conditions, plus the special conditions that have been recommended in the PSR, including no firearms, and imposition of a $100 fee assessment.

Dated: July 22, 2026

Respectfully submitted,

SCOTT BRADFORD
United States Attorney


*/s/ Nicole M. Bockelman*
NICOLE M. BOCKELMAN, OSB #105934
Assistant United States Attorneys